UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-7257 (RER) (LB)

———————————

NICKIE KANE,

VERSUS

CITY OF NEW YORK; NEW YORK CITY
TRANSIT, MTA BUS COMPANY,[1]

———————————

**MEMORANDUM & ORDER**

March 7, 2024

———————————

**RAMÓN E. REYES, JR., U.S.D.J:**

Plaintiff Nickie Kane brings this *pro se* complaint pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Fourteenth Amendment's Equal Protection Clause. ECF No. 1 ("Compl."). Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. ECF No. 2. For the reasons discussed below, the Complaint is dismissed. Plaintiff is granted until March 22, 2024 to file an Amended Complaint.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011)

---

[1] The Court notes that the proper name of this defendant is the Metropolitan Transportation Authority ("MTA")-New York City Transit.

1

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## **DISCUSSION**

Plaintiff alleges that on or about August 19, 2021, she

> attempted to board a bus with her service dog[, but the] bus driver immediately closed the bus doors trapping the Plaintiff in the doors. He then opened the doors after noticing her stuck. The Plaintiff then boarded the bus. The plaintiff [suffered] swelling and bruising but did not seek medical attention. He stated no dogs allowed on the bus. The Plaintiff informed him her dog was a service animal. She then sat and continued on her journey.

(Compl. at ¶¶ 9-12.) Plaintiff indicates that on September 2, 2021, she filed a separate personal injury claim with the MTA related to alleged physical injuries she sustained from the bus doors closing onto her shoulders. *Id*.

The Court notes that Plaintiff previously filed a similar complaint in this Court related to an incident involving her service dog that occurred on a bus on July 17, 2020. *See Kane v. City*

2

of New York, et al., No. 22-CV-1339 (RER)(LB). There, Plaintiff was not allowed to ride the bus with her service dog. *Id.* Here, in contrast, Plaintiff was not prevented from riding the MTA bus because of her service dog. (Compl. at ¶ 12). To the contrary, Plaintiff clearly states that once she informed the bus driver that her dog was a service animal, she "sat down and continued on her journey." (*Id.*) Therefore, it does not appear that Plaintiff suffered any constitutional or ADA violation, and thus, fails to state a claim on which relief may be granted.

Liberally construed, Plaintiff also fails to state a claim against the City of New York. Municipalities, such as the City of New York, can be liable under 42 U.S.C. § 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit"

ratification of low-level employee's actions). Here, Plaintiff does not allege any unconstitutional policy or custom attributable to New York City that would confer municipal liability. Therefore, all claims against the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any potential state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction.") (citations omitted).

## **LEAVE TO AMEND**

In light of this Court's duty to liberally construe *pro se* complaints, the Court grants Plaintiff leave to file an Amended Complaint against the MTA-New York City Transit only by March 22, 2024. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). If Plaintiff chooses to file an Amended Complaint, it must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims. Plaintiff must identify the defendant in both the caption and the body of the Amended Complaint. Plaintiff must also provide the dates and locations for each relevant event. The Amended Complaint would completely replace, not supplement, the original complaint. The Amended Complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 23-CV-7257 (RER)(LB). Any Amended Complaint that Plaintiff chooses to file will be reviewed for sufficiency. For free, limited-scope legal assistance, Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

## **CONCLUSION**

As set forth herein, the Complaint is dismissed without prejudice. 28 U.S.C. §§ 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction. No summons shall

issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the Complaint by March 22, 2024, or cure the deficiencies discussed herein, judgment shall be entered dismissing the case with prejudice. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: March 7, 2024
         Brooklyn, New York