**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Nickie Kane,

       Plaintiff,

v.

The City of New York, New York City Transit, MTA Bus Company

       Defendant(s).

AMENDED COMPLAINT
23-CV-7257 (RER) (LB)

Jury trial demanded

FILED
Aug 8, 2024, 7:14 PM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Box.com

Plaintiff, pro se, Nickie Kane hereby alleges for their Complaint as follows:

1. This case arises from the acts or omissions of the defendant(s). Plaintiff seeks relief from the defendants for violation of her rights secured by The Americans with Disabilities Act, 42 U.S.C. §§ 12182, 12184, the equal protection clause of the United States Constitution 14th Amendment, Section 2. U.S. Const. amend. XIV, § 2, The New York Human Rights Law, N.Y. Exec. Law §§ 290 - 301, and the New York City Human Rights Law, NYC Administrative Code 8-107.  The claims arise from an incident which occurred on August 19, 2021, at the intersection of 5th Ave & Bay Ridge Parkway in front of "Santander Bank" in the county of Brooklyn, NY.

**PARTIES**

2. Plaintiff Nickie Kane resides at 696 Sackett Street Kings County, State of New York.

3. The Defendant The City of New York is a municipal corporation within the State of New York.

4. New York City Transit and MTA Bus Company are part of the Metropolitan Transit Authority of the State of New York.

## JURISDICTION

5. This case is brought pursuant to The Americans with Disabilities Act, 42 U.S.C. §§ 12182, 12184, the equal protection clause of the United States Constitution 14th Amendment, Section 2. U.S. Const. amend. XIV, § 2, The New York Human Rights Law, N.Y. Exec. Law §§ 290 - 301, and the New York City Human Rights Law, NYC Administrative Code 8-107.

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## VENUE

7. The venue is proper in the Eastern District of New York because the Plaintiff resides in this district.

## STATEMENTS OF FACTS RELATED TO ALL CAUSES OF ACTIONS

8. The Plaintiff is an Asian woman who was born in the country of Guyana, practices the Muslim faith, and suffers from Post-Traumatic Stress Disorder ("PTSD"), generalized anxiety, social anxiety, and depression. These disabilities limit her major life activities such as "caring for oneself, performing manual tasks, eating, sleeping, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. Plaintiff takes medication and uses a service animal to help her with the symptoms of her disability. Plaintiff was assigned male at birth and transitioned to female in 2007

and since 2007 has identified as female. Plaintiff's identifications all bear her current name and gender.

9. On or about August 19, 2021, around 4pm, the plaintiff attempted to board a bus with her service dog in the intersection of 5th Ave & Bay Ridge Parkway in front of "Santander Bank" in the county of Brooklyn, NY. The bus beard the "MTA" logo and sign stated B4. The bus was heading in the direction towards Brooklyn, NY.

10. The bus driver a black Male sitting in the drivers seat with short black hair, and dressed in an MTA uniform ("driver") became aware of the service animal as the Plaintiff attempted to board the bus. He refused entry of the Plaintiff due to her service animal.

11. By immediately trying to close the bus doors trapping the Plaintiff in the doors. Both the doors caught the Plaintiff on each shoulder trapping her in the doors. He then opened the doors after noticing her stuck. The Plaintiff then boarded the bus. The plaintiff surfer swelling and bruising but did not seek medical attention.

12. He stated no dogs were allowed on the bus. The Plaintiff informed him her dog was a service animal. She then sat insisting she had a right to be on the bus with her service animal and continued on her journey. At no point did he ask the two questions required by the laws Americans with Disabilities Act, NYS State Human Rights Lawe, or NYC Human rights law. Is that a service animal? What tasks is it trained to do? He assumed her dog was a pet, attempted to close the bus door and causing her injury. Public Places of accommodation must ask the two questions before they can refuse service. The Plaintiff told the driver her dog is service animal but, a person with a disability does not bear the burden of informing the public place of accommodation that their animal is a

3

      service animal. Had he been properly trained he would have ask the two questions and not have closed the door on her.

13. The Plaintiff filed a personal injury claim on September 2nd, 2021 with New York City Transit which was returned for additional information as to the intersection. She then did research. Finding the bus route and information proved to be difficult as it was the only time, she took that route and did not have the address of where she went written down. She then was able to locate the information and provided the information in an amended personal injury claim. New York City Transit scheduled a hearing on August 7th, 2023. Then later the Plaintiff received a letter stating the hearing was cancelled in a letter dated .

## CAUSES OF ACTION

FIRST CAUSE OF ACTION DISPERATE TREATMENT IN VIOLATION OF N.Y. EXEC. LAW § 296, NYC ADMINISTRATIVE CODE 8-107

14. Claimant repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

15. The bus driver treated the Plaintiff differently than other passengers because of her disability.

16. The bus driver treated the Plaintiff differently than other passengers because of her perceived gender/gender identity.

SECOND CAUSE OF ACTION FAILURE TO ACCOMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C., N.Y. EXEC. LAW § 296, NYC ADMINISTRATIVE CODE 8-107

17. Claimant repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

18. The bus driver refused to acknowledge the Plaintiffs dog as a service animal.

THIRD CAUSE OF ACTION NEGLIGENCE (COMMON LAW)

19. Claimant repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

20. New York City Transit and the MTA Bus Company failed to train the bus driver regarding service animal laws.

21. New York City Transit and the MTA Bus Company failed to supervise the bus driver for compliance regarding service animal laws.

FOURTH CAUSE OF ACTION EMOTIONAL DISTRESS AND MENTAL ANGUISH

(COMMON LAW)

22. Claimant repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

23. The Plaintiff now experiences anxiety when having to use the MTA bus.

FIFTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COMMON LAW)

24. Claimant repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

25. The bus driver escalated the situation causing passengers to become angry at the Plaintiff and eventually her being assaulted.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a) An order awarding compensatory and punitive damages in an amount to be determined at trial.

b) The plaintiff requests the court to order the New York Police Department to amend the police report to accurately reflect what occurred, an investigation be undertaken, and the complaint be referred for prosecution.

c) Plaintiff seeks compensatory, declaratory, injunctive, and punitive damages, an award of costs and fees, and such other and further relief as the court deems just and proper.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 8th 2023
Brooklyn, NY

Nickie Kane, Plaintiff, *pro se*
95-73 114th Street
South Richmond Hill, NY 11419

786 440-8209