UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 23-CV-7257 (RER) (LB)

———————————

NICKIE KANE

VERSUS

CITY OF NEW YORK; NEW YORK CITY
TRANSIT; MTA BUS COMPANY[1]

———————————

**MEMORANDUM & ORDER**

December 26, 2024

———————————

**RAMÓN E. REYES, JR., United States District Judge:**

Plaintiff Nickie Kane timely filed this *pro se* amended complaint pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Fourteenth Amendment's Equal Protection Clause. (ECF No. 9 ("Am. Compl.")). The Court previously granted Plaintiff leave to file an Amended Complaint against only Defendant MTA-New York City Transit.[2] (ECF Nos. 4, 8 (granting Plaintiff an extension until August 8, 2024, to file)). Plaintiff has already been granted *in forma pauperis* status. (ECF No. 4 at 1). For the reasons discussed below, the amended complaint is DISMISSED.

---

[1] The Court notes that the proper name of this defendant is the Metropolitan Transportation Authority ("MTA")-New York City Transit.

[2] Even though Plaintiff was not granted leave to amend the claims against the other Defendants, the Court notes that Plaintiff's amended complaint still fails to state a claim against the City of New York pursuant to 42 U.S.C. § 1983, because she does not allege any unconstitutional policy or custom attributable to New York City that would confer municipal liability. (*See* ECF No. 4 at 3–4); *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010). All claims against the City of New York remain dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

In the amended complaint, Plaintiff alleges that on or about August 19, 2021, she attempted to board a bus with her service dog" but the bus driver "became aware of the service animal" and "refused entry of the Plaintiff due to her service animal . . . [b]y immediately trying to close the bus doors trapping the Plaintiff in the doors. He then opened the doors after noticing her stuck. The Plaintiff then boarded the bus." (Am. Compl. at ¶¶ 9–11). When the bus driver

subsequently "stated no dogs allowed on the bus," Plaintiff "informed him her dog was a service animal" and "sat[,] insisting she had a right to be on the bus with her service animal[,] and continued on her journey." (*Id.* at ¶ 12). The amended complaint expands paragraph 12 to add new allegations that the bus driver failed to ask the "two questions" a place of public accommodation must ask pursuant to the ADA, NYSHRL, and NYCHRL to assess whether an animal is a service animal "before they can refuse service": "Is that a service animal?" and "What tasks [are] it trained to do?" (*Id.*) Plaintiff alleges that had the bus driver "been properly trained he would have asked[ed] the two questions and not have closed the door on her." (*Id.*) The added details in paragraphs 9–11 insinuate that the bus driver closed the doors on Plaintiff *because* of her service animal and in order to refuse entry to Plaintiff and her service animal, and the new allegations in paragraph 12 appear intended to bolster Plaintiff's common law negligence claim for failure to train. (*Id.* at ¶¶ 9–12).

Despite these additions, however, Plaintiff has not cured the main defect of her original complaint: that she was not actually prevented from riding the MTA bus because of her service dog. (*Id.* at ¶ 12). To the contrary, Plaintiff clearly states that once she informed the bus driver that her dog was a service animal, she "sat . . . and continued on her journey." (*Id.*) Therefore, it does not appear that Plaintiff suffered any constitutional or ADA violation; and thus, the amended complaint fails to state a claim on which relief may be granted and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any potential state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection

(c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction . . . ." (quotation omitted)).

## CONCLUSION

As set forth herein, the amended complaint is dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction. No summons shall issue at this time and all further proceedings shall be stayed. Plaintiff has already been granted leave to amend her complaint once and is denied leave to amend a second time on the basis of futility. *See Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009). The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff and to enter judgment dismissing the case with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
RAMÓN E. REYES, JR.
United States District Judge

Dated: December 26, 2024
       Brooklyn, New York